IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD WALLACE,

      Plaintiff,                    No.  2:12-cv-2017 JAM CKD P

   vs.

VOIT, et al.,

      Defendants.          <u>ORDER AND</u>

                                    <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is a former state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to the undersigned by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

1

granted, *or that seek monetary relief from a defendant who is immune from such relief.* 28 U.S.C. § 1915A(b)(1),(2) (emphasis added).

Plaintiff alleges that two Solano County probation officers falsified documents in relation to his presentence probation report, which was submitted to the Solano County Court in or around 2007 in regard to a charge of petty theft with a prior. (Dkt. No. 1 at 3.) In particular, he claims the probation report falsely reported that he had incurred serious and violent felonies which prevented a grant of probation and resulted instead in a sentence of imprisonment. (Id.) Plaintiff seeks damages for the alleged falsification. (Id.)

A problem with the allegations in plaintiff's complaint is immediately apparent: the two named defendants, Probation Officer Voit and Probation Officer Green, are immune from suit. It is well-settled that judges and certain officers of the government are absolutely immune from liability under section 1983 for conduct in the performance of their duties. E.g. Burkes v. Callion, 433 F.2d 318, 319 (9th Cir. 1970). This immunity also extends to individuals whose functions bear a close association to the judicial process. See Demoran v. Witt, 781 F.2d 155, 157 (9th Cir. 1985). The Ninth Circuit has extended immunity specifically to probation officers for their duties of preparing presentence reports for submission to a judge. Id. at 157 ("We have held that probation officers preparing reports for the use of state courts possess an absolute judicial immunity from damage suits under section 1983 arising from acts performed within the scope of their official duties.") (citing Burkes, 433 F.2d at 319).

As the named defendants possess absolute immunity from suit, plaintiff cannot state a cognizable claim and his complaint should be dismissed. In light of the obvious deficiency, leave to amend should not be granted in this case. See California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988) ("Valid reasons for denying leave to amend include... futility.").

/////

/////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (Dkt. No. 2) is granted.

Furthermore, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's complaint (Dkt. No. 1) be summarily dismissed without leave to amend; and

2. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 25, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
wall2017.14b.new